EASTPORT WATER CO. *vs.* J. W. RAYE, APLT.

EASTPORT WATER CO. *vs.* HENRY MALLOCH, APLT.

EASTPORT WATER CO. *vs.* GRACE MALLOCH, APLT.

EASTPORT WATER CO. *vs.* HAROLD STACKHOUSE, APLT.

Washington.     Opinion, March 18, 1939.

*Merrill & Merrill,* for plaintiff.
*Jonah & McCart,* for defendants.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

BARNES, J.   These four actions are for water service furnished the several defendants by the plaintiff company and come up on report from the Superior Court. Plaintiff, a public service corporation, was supplying water to residential customers, such as these defendants, prior to the enactment of the Public Utilities law, Chap. 129, P. L. 1913, now Chap. 62, R. S. of Maine, a law that became effective, after referendum to the people, in 1915, and so continuing to this date.

Before the enactment of the said law, plaintiff charged for the use of water on a fixture charge basis, with a maximum rate of twenty-five dollars (yearly) for a single family dwelling-house in which there were fixtures to aggregate a total of twenty-five dollars or more.

At this time there was in Maine no public commission having control of rates, tolls or charges of a water company serving the general public.

After the effective date of the Public Utilities law companies such as the plaintiff were required to file with the commission all their existing rates, the law providing that the only method of subsequently changing such rates was by filing proposed new rates; and that upon such filing of proposed new rates either the commission or interested parties might object to changes; or, if change in existing rates were desired in a particular field the same could be sought by public complaint against the utility, filed with the commission. In cases where no protest was raised before the commission. rates filed became the effective rates of the company.

In the original enactment provision was made for the filing and fixing of rates of a going concern, as follows:

"Sect. 19. Every public utility shall file with the commission within a time to be fixed by the commission, schedules which shall be open to public inspection, showing all rates, tolls and charges which it has established and which are in force at the time for any service performed by it within the state, or for any service in connection therewith or performed by any public utility controlled or operated by it or in conjunction therewith. The rates, tolls and charges shown on the schedules first to be filed shall not exceed the rates, tolls and charges which were in force on January first, nineteen hundred and thirteen, except that the rates, tolls and charges of utilities under the jurisdiction of the Interstate Commerce Commission, shown on the schedules first to be filed, shall be the rates, tolls and charges in force when this Act goes into full effect."

P. L. 1913, Chap. 129, Sec. 19.

Susequent to the act becoming law, plaintiff filed its first schedule of rates, which contained no mention of maximum charge allowance, but in all other particulars the filed schedule was in accord with requirements of law. Whether failure to file statement of maximum charge of twenty-five dollars per year was accidental or no, such charge was continued, in subject cases, till September 1, 1935, when plaintiff duly filed and placed in effect the rates as contained in its schedule in accordance with which items were charged and collection is sought by appropriate writs now before us, for water service, less credits given and "allowance for vacancy," if any: J. W. Raye, September 1, 1935 to February 28, 1937, $33.00; Henry Malloch, September 1, 1935 to February 28, 1937, $15.84; Grace Malloch, December 21, 1935 to August 31, 1937, $45.21; Harold Stackhouse, September 1, 1935 to February 28, 1937, $13.50.

After a schedule of rates is made effective by the commission, Section 30 of said Chapter 62, R. S., makes it unlawful, as applied to cases such as here at bar, for any public utility to charge, demand, collect, or receive a greater or less compensation for any service performed by it or for any service in connection therewith

than is specified in such printed schedules as may at the time be in force, or to demand, collect or receive any rate, toll or charge not specified in such schedules, and the rates, tolls and charges named therein shall be the lawful rates, tolls and charges until the same are changed as provided in said chapter.

Request for reinstatement of a former maximum charge custom can not be considered.

Such practice is prohibited by law.

Finally, it being agreed in the report of the cases, "that the charges made for water furnished the defendants are in accord with the schedule of rates of the plaintiff company duly filed and promulgated in accordance with law and in effect for the period in which said water was furnished, unless said charges are limited to the maximum quarterly charge hereinbefore set forth," we find for the plaintiff in each case, and for the several sums respectively as above set out.

*So ordered.*